

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

RALD C. MANN
TTORNEY GENERAL

May 4, 1939

Hon. Joe Rumschik
Commissioner of Labor
Bureau of Labor Statistics
Austin, Texas

Dear Sir:

> Opinion No. O-520
> Re: What action must be taken with
> reference to any unexpended balance
> in the State Boiler Inspection Fund,
> prior to the beginning of the next
> fiscal year?

We are in receipt of your letter of
April 26, 1939, in which you quote from section
18 of article 5221e of Vernon's Annotated Civil
Statutes and ask the following questions:

> 1. "Will the above quoted portion
> of the law remain in force and control
> the handling of any unexpended balance
> in said fund beyond two years from the
> date said law became effective?
>
> 2. "If so, will the above quoted
> portion of the law remain in force and
> control the handling of any unexpended
> balance in said fund so long as said
> law is not specifically repealed or
> amended by the Legislature?
>
> 3. "What action must be taken
> with reference to any unexpended bal-
> ance in said fund at any time prior
> to the beginning of the next fiscal
> year — September 1, 1939"?

Section 18 of article 5221c reads as
follows, the portion which we have underscored

Hon. Joe Kunschik, May 4, 1939, Page 2

being the part of the statute which was quoted
in your letter:

"There is hereby appropriated out
of the General Revenue Fund of the State
of Texas the sum of Twenty Thousand Dol-
lars ($20,000.00), or so much thereof as
may be necessary not otherwise appropri-
ated, for the purposes of carrying out
the provisions of this Act; said amount
that may be expended out of this appro-
priation shall be replaced and refunded
to the General Revenue Fund by the Com-
missioner from fees collected under the
terms of this Act during the first year
of the operation of this Act. However,
any monies remaining in said fund at the
end of the fiscal year ending August 31,
1937, are re-appropriated to the use of
the Commissioner for the purpose of car-
rying out the provisions of this Act.
Any unexpended balance or funds remain-
ing in the 'State Boiler Inspection Fund'
at the end of the fiscal year ending
August 31, 1938, not exceeding Ten Thous-
and Dollars ($10,000.00) is hereby ap-
propriated for the use of the Commission-
er to carry out the purposes of this Act,
and for each succeeding fiscal year any
unexpended balance remaining in the 'State
Boiler Inspection Fund' not exceeding
Ten Thousand Dollars ($10,000.00) shall
be carried forward for the purpose of
the enforcement of this Act, provided,
however, any amount remaining in said
fund in excess of Ten Thousand Dollars
($10,000.00) at the end of any fiscal
year after 1938 shall revert to the
General Revenue Fund of the State of
Texas." (Underscoring ours).

Section 6 of article 8 of the Constitu-
tion of the state of Texas provides:

Hon. Joe Kunschik, May 4, 1939, Page 3

"No money shall be drawn from the
Treasury but in pursuance of specific
appropriation made by law; nor shall
any appropriation of money be made for
a longer period than two years, except
by the First Legislature to assemble
under this Constitution, which may make
the necessary appropriation to carry
on the Government until the assemblage
of the Sixteenth Legislature."

The above section contains two express
prohibitions. It forbids the drawing of money
from the Treasury except by specific appropria-
tion according to law; and it also specifies
that no appropriation of money shall be made for
a longer term than two years.

Construing section 18 of article 5221c
in the light of the aforesaid constitutional in-
hibitions, it is our opinion that its effect is
to appropriate monies for the purpose of the en-
forcement of the Steam Boiler Inspection Act for
a period of two years. The appropriation is out
of the General Revenue Fund - a temporary meas-
ure - and out of a "State Boiler Inspection Fund"
created and established under the Act.

Section 18 contains a valid appropria-
tion.

38 TEX. JUR. 844

"The appropriation need not, how-
ever, be made in the General Appropria-
tion Bill, nor is any particular form
of words required. It is sufficient
if the Legislature authorizes the ex-
penditure by law, and specifies the
purpose for which the appropriation is
made."

While there is clearly an appropriation
by the Legislature in Section 18, it is not an

Hon. Joe Kunschik, May 4, 1939, Page 4

appropriation of unlimited duration. If it was
the intention of the Legislature that it extend
beyond two years, it would amount to a violation
of the constitutional prohibition.

It is true that a clear appropriation
for a longer term might nevertheless be good as
an appropriation for two years. But in the pre-
sent instance it is not absolutely definite that
the Legislature intended to make an appropria-
tion of a longer period than two years in viola-
tion of the constitutional objection. We con-
strue the language of section 18 as meaning that
the appropriation was for a two year period.
It would follow that the Legislature must bien-
nally appropriate the monies for the enforce-
ment of the Act for the subsequent two years.

See PICKAI v. FINLEY, 44 SW 480
SUPREME COURT OF TEXAS (1898)

"The members of the Legislature
are sworn to support the Constitution,
and the courts will not presume that
they have intended to violate it when
the language of the law will reason-
ably admit of another construction.
Section 6 of article 8 of the Consti-
tution (previously quoted) not only
requires an appropriation before any
money can be paid out of the Treasury,
but also limits every appropriation
to a term of two years. If article
1012 of the Revised Statutes of 1895
makes an appropriation for the payment
of the salaries of the stenographers
of the court of civil appeals it is
an unlimited appropriation. There is
not a word to indicate that it was the
purpose to restrict its operation to
the term of two years. Therefore, to
presume that the Legislature intended

Hon. Joe Kunschik, May 4, 1939, Page 5

by that provision not only to fix the
salary of the office, but also to make
an appropriation for its payment, is
to presume that their purpose was to do
that which the Constitution forbids.
This cannot be presumed unless the lan-
guage be so clear as to admit of not
other construction. If they had made
an appropriation in unmistakable terms
which was to continue for all time, it
might be held valid for two years, and
inoperative thereafter. But this has
not been done. . . . " (Underscoring ours).

The Inspection of Steam Boiler Act, i.
e., article 5221c became effective June 5, 1937.
Section 18 calls for an appropriation out of the
General Revenue Fund, the full amount of which
is to be replaced and refunded from fees collect-
ed under the terms of the Act "during the first
year of the operation of this Act." The amount
would be repayable by June 5, 1938. But monies
remaining in the fund from the General Revenue
Fund at the end of the fiscal year ending August
31, 1937, are reappropriated for use up to June
5, 1938 presumably, since it is the due date for
the money out of the General Revenue Fund. Sub-
sequent to June 5, 1938, and prior to June 5,
1939, it was apparently the intention of the Leg-
islature that the monies from the "State Boiler
Inspection Fund" finance the operation of the Act
since "any unexpended balance or funds remaining
in the 'State Boiler Inspection Fund' at the end
of the fiscal year ending August 31, 1938, not ex-
ceeding Ten Thousand Dollars ($10,000.00)" was
appropriated for the use of the Commission.

It is our opinion that the appropriation
effective as of June 5, 1937 will terminate as
of June 5, 1939 by constitutional limitation,
even if it was the intention of the Legislature
to appropriate monies for a longer term. The ap-

392

propriation became effective immediately upon
passage of the Act. It was made for two years
under both the general and special funds. The
appropriation is inoperative after two years.
It would terminate even if the language was
plain and unmistakable to the effect that it
was to continue. As it is, the wording of the
statute is not clear and it is not to be pre-
sumed that the Legislature sought to violate
the constitutional provision unless the langu-
age is so unambiguous as to admit of no ques-
tion.

The creation of the special fund -
State Boiler Inspection Fund - is valid and a
legitimate method of earmarking revenues to be
used for only a specific purpose. But the
monies in this fund cannot be expended without
an appropriation by the Legislature.

ATKINS v. STATE HIGHWAY DEPARTMENT,
201 S. 226 (1918) involving special
"State Highway Fund":

"Here is appropriated all the funds
coming from certain sources, which, as
collected, are deposited with the State
Treasury to the credit of a special
fund designated as the 'State Highway
Fund'. No other money in the State
Treasury can be touched for the purposes
stated in the Acts here in question.
No greater amount than that deposited
in said fund can be used for said pur-
poses. The case of Ristine v. State,
20 Indiana, 328, also cited by appel-
lant, discusses fully the essentials
of a valid appropriation, and, among
other things, the court said:

'An appropriation may be made in
different modes. It may be made
by an Act setting apart and special-
ly appropriating the money derived

Hon. Joe Kunschik, May 4, 1939, Page 7

from a particular source of reve-
nue to a particular purpose. Our
Swamp land Act is of this charact-
er.'

We think the Legislature had the
power to make the appropriation, here
involved, in the manner that it did,
and we hold that the provisions of the
Act in regard thereto constitute a
valid appropriation of the funds men-
tioned to and for the purposes stated
in the Act. It is not to be understood,
however, that we hold the appropriation
good for a longer term than two years.
This statement is made in view of sec-
tion 6, article 8 of the Constitution
which provides, 'nor shall any appro-
priation of money be made for a longer
term than two years.'" (Underscoring ours)

JOHNSON v. FERGUSON, 55 SW (2d) 153,
(1932) Involving special "State Highway
Fund."

". . . As such allocation we
think it had the manifest purpose of
removing such fund, beyond all doubt
or peradventure, from the general reve-
nue fund of the state and of devoting
it, but not appropriating it, to the
stated purpose. It served the double
purpose of a declaration of policy and
a direction to the state treasurer
that the fund was not to be invaded
for purposes other than those named
in the article."

The monies in the "State Boiler Inspec-
tion Fund" are devoted, but by no means appro-
priated, to, the purpose of carrying out the Steam
Boiler Inspection law,

Hon. Joe Kunschik, May 4, 1939, Page 8

In answer to the three inquiries propounded in your request, we hold that the appropriation effected under section 18 of article 5221c terminates by limitation of section 6 of article 8 of the Constitution of the State of Texas two years after the effective date of the Steam Boiler Inspection Act, and that whereas the monies in the "State Boiler Inspection Fund" created thereby are earmarked for the purpose of the Act and dedicated thereto, nevertheless they cannot be expended after the expiration of the original appropriation without further legislative action.

Trusting the above fully answers the inquiries in your letter, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Dick Stout
Assistant

DS:emb

APPROVED:

ATTORNEY GENERAL OF TEXAS